IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

MICHAEL JAMES LAWRENCE,       )
                              )
            Petitioner,       )
                              )
                              )    CIV-10-389-M
v.                            )
                              )
JAMES RUDEK, Warden,          )
                              )
            Respondent.       )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed due to Petitioner's failure to comply with the Court's orders and for lack of jurisdiction.[1]

Petitioner filed the instant action on April 16, 2010. In his initial pleading entitled

---

[1] Petitioner has filed herein a copy of a "Petition for Writ" filed in the United States Court of Appeals for the Tenth Circuit naming the undersigned Magistrate Judge as "Respondent." The pleading indicates it is an attempt by Petitioner to seek a writ of prohibition directing the undersigned Magistrate Judge to allow Petitioner to proceed in this action under Fed. R. Civ. P. 60(b)(4) and to proceed without prepayment of any filing fee or compliance with the requirements of 28 U.S.C. §1915 for proceeding *in forma pauperis* in this Court. Petitioner's "Petition for Writ" filed in the appellate court is frivolous as there has been no final appealable order entered in this matter, and the filing of the "Petition for Writ" does not act to preclude this Court's exercise of its jurisdiction over this matter. See Kamplain v. Curry County Board of Comm'rs, 159 F.3d 1248, 1250 (10th Cir. 1998)(citing United States v. Hines, 689 F.2d 934, 937 (10th Cir. 1982), and noting that "the district court retained jurisdiction pending this appeal after certifying that the appeal was frivolous").

1

"Petition to Vacate the Judgment," Petitioner alleges that he "moves to vacate this unconstitutional Judgment and Sentence from Oklahoma County District Court, Pursuant to F. R. C. P. Rule 60(b)(4)." Petitioner refers to "the unconstitutional Judgment and Sentence in case no CF-84-4223, which was used to enhance punishment without being advised of his right to appeal or being afforded with effective assistance of counsel during the 10 day period to withdraw his plea . . . [w]hich warrants case CF-87-6403 and CF-88-444 Judgment and Sentence must [sic] be vacated."

Because the Petition was not filed on the proper form for a 28 U.S.C. § 2254 petition seeking a writ of habeas corpus and Petitioner had also failed to pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* in this action, the undersigned entered an Order to Petitioner to Cure Deficiency on April 20, 2010, directing Petitioner to cure these deficiencies on or before May 10, 2010. Petitioner was advised that if he failed to comply with the Order the undersigned would recommend dismissal of the action without prejudice and without further notice.

On April 22, 2010, Petitioner submitted a document entitled "In Forma Pauperis." However, this document did not contain the necessary information or certificate of prison authorities to constitute an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. On April 23, 2010, the undersigned entered a Second Order to Petitioner to Cure Deficiency in which Petitioner was advised that his pleading was not on the proper form and did not contain the necessary financial information or signature of an authorized officer of the institution where he is confined. Further, Petitioner was advised that his Petition was not on

2

the proper form. Petitioner was directed to cure these deficiencies by May 12, 2010, and advised that his failure to comply with the Order would result in a recommendation of dismissal of the action without prejudice and without further notice.

Petitioner erroneously stated in two objections (Docs. # 8 and 10) to the Orders that he was proceeding with an action pursuant to Fed. R. Civ. P. 60(b)(4) and that "no filing fee" was required for a Rule 60(b)(4) action. He asserted that he is therefore not required to file his petition on the proper form or submit the requisite *in forma pauperis* application and certification. Petitioner's objections to the Court's Order were overruled.

To this date, Petitioner has failed to comply with the Orders directing him to cure the deficiencies in his pleadings, and the time given Petitioner to cure the above-described deficiencies has expired. Plaintiff's lack of interest in complying, and indeed his refusal to comply, with the Court's Orders combined with the Court's attempt to manage and control its caseload warrant a dismissal of the cause of action without prejudice. United States ex rel. Jimenez v. Health Net, Inc., 400 F.3d 853, 855 (10th Cir. 2005)("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); Brandenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980)(*per curiam*), cert. denied, 450 U.S. 984 (1981). See Soeken v. Estep, 270 Fed. Appx. 734, 735-736, 2008 WL 749565, *1 (10th Cir. Mar. 21, 2008)("A district court possesses broad discretion in determining whether to dismiss a petition without prejudice for failing to comply with court orders.").

Moreover, the records of the Oklahoma Department of Corrections reflect that

Petitioner is in custody pursuant to his two convictions for Attempted Subornation of Perjury after two or more prior felony convictions entered in the District Court of Oklahoma County, Case No. CF-93-4619, and that he was discharged from his sentence in Case No. CF-84-4223 in 1988. Petitioner previously sought habeas relief in this Court concerning his convictions in Case No. CF-93-4619, and the action was dismissed with prejudice as time-barred. Michael James Lawrence v. Mike Addison, Warden, Case No. CIV-05-273-M (W.D. Okla. Apr. 26, 2005)(Order and Judgment, United States District Judge Miles-LaGrange). The dismissal of the Petition was affirmed on appeal. Lawrence v. Evans, 124 F.3d 217 (table), 1997 WL 579191 (10th Cir. Sept. 18, 1997)(unpublished op.), cert. denied, 523 U.S. 1007 (1998). Therefore, this Court lacks jurisdiction over a second unauthorized habeas petition challenging the convictions under which Petitioner is incarcerated. See 28 U.S.C. §2244(b)(3)(A); In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice due to Plaintiff's failure to comply with the Court's Orders and lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___June 7th___, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues

4

raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   17th   day of   May  , 2010.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE